IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE:

RONALD SATISH EMRIT

Misc. No.: 25-MC-488

## ORDER TO SHOW CAUSE

This court proposes to issue an injunction restricting the ability of Ronald Satish Emrit to file complaints in this court without first obtaining leave of court to do so. The All Writs Act, 28 U.S.C. § 1651(a), "grants federal courts the authority [to impose prefiling injunctions] to limit access to the courts by vexatious and repetitive litigants. . ." *Cromer v. Kraft Foods No. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). However, because of the "drastic" nature of such a measure, it must be used "sparingly," based on "'exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions.'" *Id.* at 817-18 (citation omitted). Moreover, the injunction must be "narrowly tailored to fit the specific circumstances at issue." *Id.*; *see Thomas v. Fulton*, 260 F.App'x 594, 596 (4th Cir. 2008) (per curiam); *see also Germain v. Bishop*, 680 F.App'x 168, 178 (4th Cir. 2017) (per curiam) (Gregory, J., concurring).

When determining whether to employ a prefiling review system, a court should consider the following factors: (1) "the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits;" (2) if the party files his cases on good faith bases, or only to harass; (3) "the extent of the burden on the courts and other parties resulting from the party's filings;" and (4) whether alternative sanctions are adequate. *Cromer*, 260 F. App'x at 818.

Mr. Emrit has been a litigant in this court since at least 2013. *See Emrit v. Cheap-O-Air*, No. 13-cv-803-PWG (D.Md. 2013). As best as the court can determine, he has filed nearly four dozen cases in this court.[1] In 2022, Mr. Emrit filed six cases within a one-week period.[2] All cases

---

[1] The closed cases include: *Emrit v. Cheap-O-Air*, No. 13-cv-803-PWG (failure to state a claim); *Emrit v. Office Depot*, No. 13-cv-2297 (D.Md. 2013) (failure to exhaust); *Emrit v. Emrit*, No. 15-cv-2303-RWT (D.Md. 2015) (lack of standing; forewarned against vexatious filings); *Emrit v. Emrit*, No. 15-cv-2315-PWG (D.Md. 2015) (lack of standing); *Emrit v. MD State Bar Ass'n*, No. 15-cv-2548-JKB (D.Md. 2015) (time-barred); *Emrit v. Cegavske*, No. 17-cv-63-GJH (D.Md. 2017) (lack of subject matter jurisdiction); *Emrit v. Nev. Dept. of Motor Vehicles*, No. 17-cv-64-GJH (D.Md. 2017) (lack of subject matter jurisdiction, improper venue); *Emrit v. Holland & Knight LLP*, No. 17-cv-65-GJH (D.Md. 2017) (improper venue); *Emrit v. Congressman Joe Heck*, No. 17-cv-74-PWG (D.Md. 2017) (failure to state a claim); *Emrit v. Congressman Hardy*, No. 17-cv-75-PWG (D.Md. 2017) (failure to state a claim); *Emrit v. Univ. of MD Midtown Campus*, No. 17-cv-2715-GJH and No. 17-cv-2762-GJH (D.Md. 2017) (identical claims, consolidated) (lack of subject matter jurisdiction); *Emrit v. Holy Cross Hosp.*, No. 17-cv-1703-GJH and No. 17-cv-2761-GJH (D.Md. 2017) (identical claims, consolidated) (lack of subject matter jurisdiction); *Emrit v. Shady Grove Hosp.*, No. 17-cv-2714-GJH and No. 17-cv-2764-GJH (D.Md. 2017) (identical claims, consolidated) (lack of subject matter jurisdiction); *Emrit v. Laurel Reg'l Hosp.*, No. 17-cv-2717-GJH and No. 17-cv-2763-GJH (D.Md. 2017) (identical claims, consolidated) (lack of subject matter jurisdiction); *Emrit v. Nat'l Football League*, No. 19-cv-2968-PJM (D.Md. 2019) (identical claims filed in three additional cases: *Emrit v. NFL*, Civil No. 1:19-cv-1302-RDA-TCB, (E.D. Va. 2019); *Emrit v. NFL*, Civil No. 5:19-cv-0525-JSM-PRL (M.D. Fla. 2019); *Emrit v. NFL*, Civil No. 4:19-cv-00334-CRW-HCA (S.D. Iowa 2019)) (frivolous); *Emrit v. Board of Immigration Appeals*, No. 22-cv-623-GJH (D.Md. 2022) (failure to state a claim); *Emrit v. CIA*, No. 22-cv-625-PX (D.Md. 2022) (frivolous, failure to state a claim, improper venue); *Emrit v. NSA*, No. 22-cv-639-GLR (D.Md. 2022) (failure to state a claim); *Emrit v. NSA*, No. 22-cv-640-GLR (D.Md. 2022) (failure to state a claim); *Emrit v. U.S. Naval Intelligence*, No. 22-cv-2821-LKG (D.Md. 2022) (failure to state a claim); *Emrit v. British Secret Service*, No. 23-cv-180-JRR (D.Md. 2023) (failure to state a claim); *Emrit v. Univ. of VA Darden Sch. of Bus.*, No. 23-cv-977-TDC (D.Md. 2023) (lack of standing); *Emrit v. Jules*, No. 23-cv-978-DLB (D.Md. 2023) (lack of subject matter jurisdiction; forewarned against vexatious filings); *Emrit v. Grammy Awards*, No. 23-cv-2457-PJM (D.Md. 2023) (lack of subject matter jurisdiction; forewarned against vexatious filings); *Emrit v. Progressive Ins.*, No. 24-cv-88-DLB (D.Md. 2024) (failure to state a claim; forewarned against vexatious filings); *Emrit v. Combs*, No. 24-cv-89-TDC (D.Md. 2024) (failure to state a claim); *Emrit v. U.S. Patent and Trademark Office*, No. 25-cv-1187-PX (D.Md. 2025) (failure to submit Patent/Trademark form AO 120); *Emrit v. Radio One*, No. 25-cv-2218-DKC (D.Md. 2025) (failure to state a claim).

[2] *See Emrit v. Hagerstown Hous. Auth. & HUD*, No. 22-cv-3145-ELH (D.Md. 2022) (frivolous); *Emrit v. Sec'y of the Navy*, No. 22-cv-3146-PJM (D.Md. 2022) (identical to RDB 22-3160) (improper venue; a vexatious litigant order prevents Plaintiff from filing in the proper venue); *Emrit v. Calvert County Hous. Auth. & HUD*, No. 22-cv-3159-PX (D.Md. 2022)

have been dismissed at the outset, some for lack of jurisdiction or venue and others for failure to state a claim. Several were duplicative of cases filed here or elsewhere. In most, if not all, he sought and was granted in forma pauperis status. Currently, one case is active.[3]

Mr. Emrit has been recognized as a "prolific" filer and has been subject to prefiling injunctions in multiple other states and judicial districts:

> A well-documented "serial pro se filer" since approximately 2013, Plaintiff Ronald Satish Emrit ("Plaintiff" or "Emrit") has initiated more than three hundred civil actions in district courts nationwide, from Maine to Hawaii; despite the fact that most or all of these complaints have been dismissed for improper venue or failure to state a claim, Plaintiff continues to abuse the in forma pauperis ("IFP") privilege by recycling the same patently frivolous allegations against various government agencies and officials in inscrutable pleadings that demonstratively clog the federal district courts with meritless litigation. Due to Plaintiff's "extensive and abusive nationwide litigation practices .... Plaintiff has been deemed a vexatious litigant or subjected to prefiling requirements in multiple district courts across the country." *Emrit v. Trump*, 1:19-CV-18, 2019 WL 140107, at *2 (Jan. 9, 2019), report and recommendation adopted, 2019 WL 935028 (S.D. Ohio Feb. 26, 2019). A district court in Hawaii catalogued a portion of those nationwide orders:
>
> > The Court again takes judicial notice of Emrit's extensive record of filing in districts nationwide, including those in which he has been deemed a vexatious litigant or subjected to prefiling requirements. *See, e.g., Emrit v. Az. Supreme Court*, 15-CV-01718, 2016 WL 910151, at *4 (D. Ariz. Mar. 9, 2016) (finding "that there is an adequate record to support the issuance of a vexatious litigant order against Plaintiff" and citing cases); *Emrit v. Nat'l Acad. of Recording Arts & Scis.*, 1:14-cv-00392, 2015 WL 518774 (W.D. Tex. Feb. 5, 2015) (discussing forty-seven meritless federal lawsuits filed by Emrit since March 2013 and entering a vexatious litigant order against Plaintiff); *Emrit v. Soc. Sec. Admin.*, 2:14-cv-01760, 2015 WL 4597834 (D. Nev. July 29, 2015) (entering vexatious litigant order against Emrit); *Emrit v. Continuum Legal*, 1:16-CV-1424, 2017 WL 2622368, *2 (E.D. Va. Jan. 31, 2017) ("Plaintiff is

---

(frivolous); *Emrit v. FBI Special Agent*, No. 22-cv-3160-RDB (D.Md. 2022) (related to PJM 22-3146) (improper venue; a vexatious litigant order prevents Plaintiff from filing in the proper venue); *Emrit v. Queen Anne's Hous. Auth. & HUD*, No. 22-cv-3161-SAG (D.Md. 2022) (frivolous); *Emrit v. PG County Hous. Auth. & HUD*, No. 22-cv-3162-PX (D.Md. 2022) (identical to ELH 22-3145) (frivolous).

[3] *See Emrit v. Moore*, No. 25-cv-2185-PX.

3

> a serial pro se litigant who is subject to pre-filing injunctions in at least two courts."); *Emrit v. Sec. of State*, 16-CV-610-S, 2017 WL 3209449 (D.R.I. Jan. 9, 2017) (noting that plaintiff has been declared a "vexatious filer" in several districts and enjoined from further filings without leave of court). *See also Emrit v. Am. Commc'ns Network, Inc.*, 583 F. App'x. 46, 47 (4th Cir. 2014) (cautioning Emrit "that federal courts, including this court, are authorized to impose sanctions upon vexatious and repetitive litigants for frivolous filings [and warning him that] [f]urther frivolous filings by Emrit may result in this court sanctioning him, including by ordering a prefiling injunction that limits his access to the court") (citation omitted).

*Emrit v. Sec'y of Hawaii*, 17-CV-00504, 2018 WL 264851, at *2 n.2 (D. Haw. Jan. 2, 2018). *See also Emrit v. Devos*, 8:20-cv-00773, 2020 WL 9078298, at *1 (M.D. Fla. Apr. 20, 2020) (enjoining Emrit from filing any document in the district without prior court approval); *Emrit v. Simon*, 17-cv-04605 SRN-SER (D. Minn. Dec. 8, 2017), Dkt. Nos. 4 and 9 (dismissing Emrit's claims with prejudice and ordering that he be restricted from filing new cases in the district unless represented by licensed counsel, or with prior written authorization from a judicial officer, while noting that Emrit has initiated approximately 150 federal lawsuits since 2013).

*Emrit v. Bd. of Immigr. Appeals*, No. 2:22-CV-00110, 2022 WL 4287659, at *1–2 (S.D.W. Va. Mar. 31, 2022), report and recommendation adopted, No. 2:22-CV-00110, 2022 WL 3594518 (S.D.W. Va. Aug. 23, 2022) (footnote omitted).

Judges in this district have been warning Mr. Emrit since 2015 that frivolous filings can be met with sanctions. Judge Titus noted that

> Plaintiff has been the subject of an order barring him from filing lawsuits in the United States District Court for the Western District of Texas without first obtaining leave from a Federal District Judge in that jurisdiction permitting him to do so. *See Emrit v. National Academy of Recording Arts and Sciences, et al.*, Case No. A-14-CA-392-SS (W.D. Tex 2015) at ECF 35 (noting Emrit has filed 47 frivolous lawsuits in federal courts across the country). The instant case is not the first frivolous claim filed by Plaintiff in this jurisdiction. *See Emrit v. Cheap-O Air, et al*, Civil Action PWG-13-803 (D.Md. 2013) and *Emrit v. Office Depot, Inc.*, Civil Action RWT-13-2297 (D.Md. 2013) (noting Emrit is a vexatious filer). "Plaintiff is forewarned that this Court will not tolerate the use of in forma pauperis filing status for pursuit of meritless litigation and continued abusive filing may result in a similar ban on filing of litigation in this district."

*Emrit v. Emrit*, 15-cv-2302-RWT, ECF No. 9, at 3 (D.Md. Sept. 21, 2015). In 2023, Judge Boardman noted Mr. Emrit's continued record of filing cases with this and other courts:

> Lastly, the Court notes that Emrit has filed numerous cases in this Court, and he has filed a complaint seeking an annulment from the defendant in eleven other districts. Another federal district court recently found that Emrit "has filed no fewer than 200 civil actions in federal district courts since 2013, and the Middle District of Florida has issued a 'Vexatious Litigant Order' in a case he filed there, barring Emrit from filing any new document in that district without first obtaining" prior written approval, and that "many of [Plaintiff's] other actions have been dismissed as frivolous, malicious or for failure to state a claim." *Emrit v. Epic Med. Records*, Civil Action No. 18-cv-937, 2021 WL 5881976 at *1 (W.D. Wis. Dec. 13, 2021) (citations omitted). The plaintiff is forewarned that his continued filing of frivolous and/or duplicative cases may result in this Court also entering an Order limiting his ability to file cases in this Court.

*Emrit v. Jules*, No. 23-cv-978-DLB, 2023 WL 6794355, at *2 (D.Md. Oct. 13, 2023) (footnotes omitted). A similar warning was issued by Judge Messitte six months later in *Emrit v. The Grammys*, No. 23-cv-2457-PJM, ECF No. 9 (D.Md. Mar. 12, 2023).

It is well past time to attempt to reign in Mr. Emrit's frivolous filings in this District. He has established a very long history of filing complaints in this court that do not warrant requiring a response from the parties he claims have violated his rights. The costs in judicial resources required to review his complaints are not insignificant. What is more, the time required for this court and staff to process his complaints is beyond what is reasonable for self-represented litigants. Despite dismissals of Mr. Emrit's repetitive claims, warnings from this court and others to cease the frivolous filings, he remains undaunted, resulting in an unacceptable waste of valuable judicial resources.

Consequently, Mr. Emrit is hereby directed to show cause why the court should not impose an Order that directs the Clerk (1) not to accept for filing any further complaints or papers filed by Mr. Emrit unless a U.S. District Judge of this court certifies that the complaint or papers have a colorable basis in law and fact; (2) to return to Mr. Emrit, under judicial signature, all screened

complaints or other papers submitted that are not accepted for filing; and (3) to destroy all screened complaints or other papers that were returned to Mr. Emrit and re-filed in the court.

For all these reasons, Mr. Emrit is hereby granted a period of fourteen (14) days from the entry date of this Order to show cause why the court should not impose the aforementioned prefiling injunction. He is cautioned that his failure to file a timely or responsive show cause answer will result in the imposition of the prefiling injunction, without further notice from the court.

Accordingly, it is this 7th day of August, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Mr. Emrit SHALL SHOW CAUSE within fourteen (14) days from the entry date of this Order why the prefiling injunction delineated by the court should not be imposed; and

2. The Clerk SHALL PROVIDE a copy of this Order to Mr. Emrit at the address provided in his most recent filings.

_____
George L. Russell, III
Chief Judge, United States District Court